UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID R. CARLSON, | Case No. 18-CV-3217 (LIB) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION[1] |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security; and LINDA S. MOMAHON, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court, and upon Plaintiff David R. Carlson's Application to Proceed in forma pauperis. [Docket No. 2].

Plaintiff David R. Carlson was, until recently, in state prison. During that time he was incarcerated, Carlson's Supplemental Security Income ("SSI") payments were curtailed. (See, Exhibits, [Docket No. 1-1] at 16). In 2006, the Social Security Administration determined that Carlson had been overpaid by $1,206 in SSI benefits, and it directed Carlson to return that money. (Id. at 17). Carlson appears[2] to seek to challenge both of those actions (and perhaps other, more recent actions of the Social Security Administration) pursuant to 42 U.S.C. § 405(g).

---

[1] This matter has been assigned solely to the undersigned United States Magistrate Judge pursuant to Local Rule 7.2(a). Because not all parties have consented to proceed entirely before the undersigned, this Court cannot effect dismissal. See, 28 U.S.C. § 636. Accordingly, this matter must be assigned to a district judge for review of this Report and Recommendation of dismissal.

[2] The documents filed by Carlson are, to say the least, not entirely clear. The Complaint, [Docket No. 1], says nearly nothing about the circumstances of this case, while the exhibits to which the complaint refers consist of administrative and state-court records interspersed with notes handwritten by Carlson. This Court has attempted to interpret and construe the documents as a whole, and in Plaintiff's favor, in determining the claims raised and relief sought in this litigation.

1

The Social Security Act provides that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action" in federal district court.  42 U.S.C. § 405(g) (emphasis added). The Act further states, "[n]o findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). The Supreme Court has concluded that the term "final decision" is a "statutorily specified jurisdictional prerequisite." Weinberger v. Salfi, 422 U.S. 749, 766 (1975); Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992). Thus, for a federal district court to have subject-matter jurisdiction over a cause of action for a dispute over social security benefits, the claimant must first exhaust his administrative remedies by giving the Commissioner an opportunity to reach a "final decision" before he files suit. See, Schoolcraft v. Sullivan, 971 F.2d 81, 84–85 (8th Cir. 1992) (explaining that failure to present a claim to the Commissioner according to prescribed administrative procedures prior to bringing suit divests the federal district courts of jurisdiction).

The Social Security Act does not define the term "final decision," instead leaving that definition to the Social Security Administration's regulations. Weinberger, 422 U.S. at 766. To obtain a "final decision," the regulations provide that a claimant must complete a four-step administrative review process. 20 C.F.R. § 404.900(a).  First, a claimant seeking disability benefits receives an initial determination. If the claimant's initial application for benefits is denied, he may request reconsideration of the decision. 20 C.F.R. § 416.1409(a). A claimant who is dissatisfied with the reconsidered decision may obtain administrative review by an Administrative Law Judge ("ALJ"). 20 C.F.R. § 416.1429. Finally, if the claimant is dissatisfied with the ALJ's decision, he may request review by the Appeals Council. If the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. Sims v. Apfel, 530 U.S.

103, 106-107 (2000). If the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision. Id.

There is no indication that Carlson has taken the necessary steps that could result in the Commissioner reaching a "final decision" that would bring this action within the Court's jurisdiction. In fact, it is overwhelmingly doubtful that Carlson in fact prosecuted that appeal to the end. Many of the documents submitted by Carlson are form letters concerning how he may continue the administrative appellate process, should he so choose. Moreover, many of the actions complained of by Carlson occurred quite recently following his release from prison, leaving not enough time for the appellate process to have occurred.[3] Because Carlson has by all indications failed to exhaust administrative remedies, this case must be dismissed without prejudice for lack of subject-matter jurisdiction. See, e.g., Dixon v. Soc. Sec. Admin., No. 05-cv-0601 (DSD/FLN), 2005 WL 3526597, at *1 (D. Minn. Dec. 22, 2005) (dismissing action without prejudice for lack of subject-matter jurisdiction where Plaintiff failed to exhaust administrative remedies by completion of the four-step administrative appeal process laid out in 20 C.F.R. § 404.900(1)-(5)).

Finally, this Court notes that this matter was assigned solely to the undersigned United States Magistrate Judge pursuant to Local Rule 7.2(a). Because the Court has not received the consent of both parties to proceed entirely before the magistrate judge, see, 28 U.S.C. § 636(c); LR7.2(a), the undersigned cannot enter a final order of dismissal. Accordingly, this Court will direct the Clerk of Court's office to assign a District Judge to the present case pursuant to this District's standard assignment procedures.

---

[3] Even if this Court did have jurisdiction over the matter, Carlson's scattered pleading (including the document marked as an amended pleading, see, Docket No. 4) is too inchoate to amount to "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT** the Clerk of Court shall assign a District Judge to his matter so that a final dispositive decision can be rendered.

In addition, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and

2. The application to proceed in forma pauperis of Plaintiff David R. Carlson, [Docket No. 2], be **DENIED as moot**.


Dated: February 5, 2019            s/Leo I. Brisbois
                                   Leo I. Brisbois
                                   United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).